**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID PATRICK BLEVINS *

   Plaintiff *

                                                                                                            *      Civil No.: BPG-22-2360

KATHERINE K. VIDAL, et al.

                                                                                                            *

   Defendants

                                                                                                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Currently pending before the court are defendant's[1] Motion to Dismiss ("defendant's Motion") (ECF No. 15), plaintiff's response and Motion for Default Judgment titled In Re Motion to Dismiss ("plaintiff's Response" or "plaintiff's Motion") (ECF No. 17), defendant's Motion to Strike and/or Opposition to Plaintiff's Motion for Default Judgment and Supplements Thereto ("defendant's Opposition") (ECF No. 27), and plaintiff's Response to Document 27 ("Motion to Strike…") ("plaintiff's Reply") (ECF No. 28).  Also before the court are plaintiff's eight Supplements to plaintiff's Motion: ECF Nos. 18, 19, 20, 21, 22, 23, 24, and 26.  The issues are fully briefed and no hearing is necessary.  Loc. R. 105.6.  For the reasons stated herein, plaintiff's Motion for Default Judgment (ECF No. 17) is denied, defendant's Motion to Strike (ECF No. 27) is denied, and defendant's Motion to Dismiss (ECF No. 15) is granted.

**I.**     **BACKGROUND**

On May 23, 2022, David Patrick Blevins, pro se plaintiff, began working for the United States Patent and Trademark Office ("USPTO"), in an unspecified position which he alleges falls within the meaning of a "position of Public Trust."  (Id. at 6).  On June 7, 2022, he contacted a

---

[1] The court notes that the United States appears on behalf of the defendants named in this case, and therefore, the court refers to defendants collectively as "defendant" for purposes of this Memorandum Opinion.

"Delegate" regarding the completion of his SF-85P questionnaire and received a response the next day, indicating that the investigation had not been initiated despite plaintiff's submission of the paperwork "prior to May 23, 2022." (Id.)  On July 11, 2022, plaintiff received an email indicating that his SF-85P paperwork required corrections, and provided a deadline of "the [close of business] Wednesday, July 13, 2022." (Id.)  The email also indicated that if plaintiff failed to provide the necessary corrections by the deadline, his employment with the USPTO would be terminated. (Id.)

Prior to his receipt of that email, plaintiff reported what he alleges were violations of the Computer Security Act on June 30, 2022, July 5, 2022, July 6, 2022, July 7, 2022, and July 11, 2022. (Id.)  Plaintiff alleges that the short notice to provide the corrections to his SF-85P paperwork suggests "Whistleblower Retaliation and other Prohibited Personnel Practice" as a result of his reporting. (Id.)  On July 12, 2022, plaintiff alleges that members of the USPTO "attempted to compel the continued connection of [plaintiff's] 'Universal Laptop' in a manner [he] felt (and stated) would enable evidence tampering." (Id.)  On or about July 19, 2022, plaintiff received what he alleges was "[a]n unusual missive" purportedly from defendant Timothy P. Callahan terminating his employment. (Id.)

On September 15, 2022, plaintiff filed suit in this court against Katherine K. Vidal, Director of the USPTO, as well as other members of the USPTO, including: Keisha Morris, OHR Specialist, Briana Robinson, Security Assistant, and Timothy P. Callahan, Assistant Commissioner for Patents. (ECF No. 1).  The United States, on behalf of the USPTO and Ms. Vidal, Ms. Morris, Ms. Robinson, and Mr. Callahan (collectively "defendant"), moves to dismiss all counts of plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 15).

**II.     STANDARD OF REVIEW**

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  When ruling on such a motion, the court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."  Id. at 244.  Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Rather, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted).  A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements.  Walters, 684 F.3d at 439.  Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'"  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss based upon the complaint of a pro se plaintiff, as here, the court construes the pleadings liberally.  DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018).

When ruling on a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the court regards the pleadings as "mere evidence on the issue," and may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999).  While the plaintiff bears the

burden of proving that the court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

### III.   DISCUSSION

Defendant moves to dismiss all counts of plaintiff's Complaint pursuant to either Rule 12(b)(1) for lack of subject matter jurisdiction or 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 15). Plaintiff responds to defendant's Motion with a Motion for Default Judgment, stating that defendant's failure to move for a more definite statement pursuant to Rule 12(e) or otherwise defend against the allegations of his Complaint entitle him to default judgment under Rule 55(d). (ECF No. 17 at 1-2). In reply, defendant moves to strike plaintiff's Motion for Default Judgment and several subsequently filed supplements pursuant to Rule 12(f), arguing that the filings are unrelated to defendant's Motion and are, therefore, improper. (ECF No. 27).

#### A. Plaintiff's Motion for Default Judgment

Plaintiff moves for default judgment, stating that defendant's failure to respond to the substance of his Complaint or file a motion for a more definite statement is tantamount to "failure to plead or otherwise defend," such that he is entitled to default judgment. (ECF No. 17 at 2 (quoting Fed. R. Civ. P. 55)). Defendant responds that plaintiff's Motion should be denied because defendant responded to the allegations of plaintiff's Complaint and its decision not to file a motion for a more definite statement is not grounds for default judgment. (ECF No. 27 at 4). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter

the party's default." "The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.'" Lipenga v. Kambalame, 219 F. Supp. 3d 517, 524-25 (D. Md. 2016) (quoting Dow v. Jones, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Default judgment may be appropriate, however, where a party is unresponsive. Id. (citation omitted).

In filing its Motion to Dismiss, defendant has adequately responded to the allegations of plaintiff's Complaint. "Default Judgment is available when the adversary process has been halted because of an essentially unresponsive party." Disney Enterprises, Inc. v. Delane, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (citation omitted). As defendant suggests, defendant responded to the allegations of plaintiff's Complaint as it understood them. (ECF No. 27 at 4). Accordingly, defendant did not fail to defend against plaintiff's claim for affirmative relief, and plaintiff's Motion for Default Judgment (ECF No. 17) is denied.

### B. **Defendant's Motion to Strike**

Defendant moves to strike plaintiff's Response (ECF No. 17) and the eight supplements filed in support of plaintiff's Response (ECF Nos. 18, 19, 20, 21, 22, 23, 24, 26) arguing that the filings are immaterial to the claims currently before the court. (ECF No. 27 at 3). Plaintiff counters that his filings are relevant to the arguments raised in defendant's Motion to Dismiss and support his response to defendant's Motion. (ECF No. 28 at 3-4). Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are disfavored, however, and "generally will [not be] granted for immateriality unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party." Fitchett v. Spartech, LLC, No. JKB-12-1212, 2022 WL 5061867, at *1 (D. Md. Oct. 4, 2022) (quoting Gilman & Bedigian, LLC v. Sackett, 337 F.R.D. 113, 117 (D. Md. 2020)).

5

Defendant argues that plaintiff's filings were "entirely divorced from, and non-responsive to, [d]efendant's Motion to Dismiss." (ECF No. 27 at 3). To the contrary, plaintiff's Response directly addresses each of the arguments contained in defendant's Motion. (ECF No. 17 at 2-9). While the connection between plaintiff's supplements and his arguments before the court are less clear, defendant fails to make any argument that it was prejudiced by plaintiff's filings. See Schultz v. Braga, 290 F. Supp. 2d 637, 655 (D. Md. 2003) (a motion to strike should be granted when the "allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). In the absence of any showing of prejudice on the part of defendant, the court denies defendant's Motion to Strike (ECF No. 27).

C. **Defendant's Motion to Dismiss**

Defendant moves to dismiss the entirety of plaintiff's Complaint, arguing that plaintiff's Complaint is so vague that it is difficult for defendant to decipher "the cause(s) of action under which [plaintiff] intends to proceed and the alleged facts supporting the same."[2] (ECF No. 15-1 at 1-2). Defendant generally contends that plaintiff's Complaint should be dismissed because it fails to meet "even the most basic pleading requirements" of Rule 8. (Id. at 2). In the alternative, defendant argues that rather than dismiss plaintiff's Complaint, the court may direct plaintiff to file a more definite statement pursuant to Rule 12(e). (Id. at 2, n.2 (citing Loper on behalf of C.D. v. Howard Cnty. Pub. Sch. Sys., No. RDB-20-2184, 2021 WL 689963, at *2 (D. Md. Feb. 23, 2021)). In response, plaintiff attempts to clarify the counts of his Complaint. (ECF No. 17 at 9-13). Essentially, plaintiff alleges that while employed by the USPTO he reported numerous

---

[2] Defendant's Motion suggests that to the extent plaintiff's Complaint sets forth an employment discrimination claim in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, plaintiff fails to state a claim pursuant to Rule 12(b)(6), and fails to exhaust administrative remedies pursuant to Rule 12(b)(1). (ECF No. 15-1 at 5-6). Plaintiff disclaims any cause of action arising under Title VII, stating that "at no point in time [has he] raised the matter of workplace discrimination in this proceeding." (ECF No. 17 at 5-6).

violations of federal law, and was terminated in a manner that suggests both whistleblower retaliation and other prohibited personnel practices. (Id. at 9). The court addresses plaintiff's arguments below.

### A. Whistleblower Protection Act Claim (Count I)

Defendant moves to dismiss plaintiff's whistleblower retaliation claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that plaintiff has failed to exhaust the available administrative remedies. (ECF No. 15-1 at 7). Plaintiff argues that he "was being targeted for attack (possibly by an anonymous adversary)" by the time he received the July 11, 2022 email, such that the seemingly innocuous email directing him to provide corrections to his SF-85P paperwork suggests whistleblower retaliation. (ECF No. 17 at 6). The Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, "provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial danger to health and safety." Ashe v. Price, No. PJM-16-3423, 2017 WL 3172776, at *4 (D. Md. July 26, 2017) (quoting Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002)). Whistleblowers seeking the WPA's protections must utilize the framework of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1214 et seq, which "comprehensively overhauled the civil service system, creating a framework for evaluating adverse personnel actions against federal employees." Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000).

The procedures set forth in the CSRA provide that an employee who believes he is the victim of unlawful whistleblower retaliation "must first bring [his] claim to the OSC [Office of Special Counsel], which investigates the complaint." Stella, 284 F.3d at 142 (citing 5 U.S.C. § 1214). If the OSC investigation results in a finding of "absence of wrongdoing, the employee

can appeal that decision to the Merit System Protection Board [MSPB]." Ashe, 2017 WL 3172776, at *4 (quoting Weber v. United States, 209 F.3d 756, 758 (D.C. Cir. 2000)). Here, plaintiff has neither filed a complaint with the OSC nor appealed an adverse finding of the OSC with the MSPB. (ECF No. 17 at 7). Instead, plaintiff states that despite the "jurisdictional claims" of the OSC and MSPB, he has "good cause to seek directions and review by the District Court of Maryland prior to proceeding further with those administrative remedies." (Id.) To that end, plaintiff contends that he is concerned with certain information systems used by the OSC, which he believes could result in a potential breach of confidentiality, as well as an expired OBM Control Number on one of the forms necessary to initiate administrative proceedings. (Id.)

Exhaustion of administrative remedies is a prerequisite to suit under the WPA. Ashe, 2017 WL 3172776, at *5. Indeed, "where a plaintiff fails to exhaust his administrative remedies, '[c]laims under the WPA must be dismissed.'" Id. (quoting Floyd v. U.S. Dep't of Homeland Sec., No. RDB-9-735, 2009 WL 3614830, at *3 (D. Md. Oct. 27, 2009)). Because plaintiff's claim has not been investigated by the OSC or resolved by the MSPB, both of which are mandatory preconditions to judicial review, plaintiff's WPA claims must be dismissed for lack of subject matter jurisdiction. Plaintiff must exhaust all available administrative remedies prior to seeking review by the court.[3] Accordingly, the court grants defendant's Motion to Dismiss (ECF No. 15) as to plaintiff's WPA claim.

Count I of plaintiff's Complaint additionally alleges that he suffered "other Prohibited Personnel Practices." (ECF No. 1 at 6). Plaintiff's Complaint, however, contains no facts to

---

[3] The court notes that even if plaintiff had exhausted his administrative remedies, this court lacks subject matter jurisdiction over plaintiff's WPA claims. Under 5 U.S.C. § 7703(b), a petition "to review a final order or decision of the [MSPB]" that does not include any allegations of discrimination, as is the case here, "shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction." See Jindal v. Austin, No. PWG-21-884, 2022 WL 684130, at *5 (D. Md. Mar. 8, 2022) (dismissing case filed pursuant to the WPA for lack of subject matter jurisdiction).

8

support this allegation and cites no specific legal claim. While plaintiff's Response aims to fill in some of the gaps in his Complaint, for example, by referencing 5 U.S.C. § 2302(b)(12) to suggest that defendant's actions "jeopardized public safety and public investigations" (ECF No. 17 at 5, 10), plaintiff's Complaint cannot be amended by arguments advanced in his Response. See Middleton v. Baltimore Police Dep't, No. ELH-20-3536, 2022 WL 268765, at *27 (D. Md. Jan. 28, 2022) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). The allegation that defendant engaged in prohibited personnel practices, unsupported by facts or law, is insufficient to state a claim upon which relief can be granted. Even if plaintiff had articulated a claim based on prohibited personnel practices, as explained above, his claim is barred for failure to exhaust administrative remedies. "An employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee . . . as a result of a prohibited personnel practice . . . seek corrective action from the [MSPB]." 5 U.S.C. § 1221(a) (emphasis added). Accordingly, defendant's Motion to Dismiss (ECF No. 15) is granted with respect to plaintiff's whistleblower retaliation and prohibited personnel practices claim.

### B. Plaintiff's Constitutional Claims (Counts II, III, and IV)

Defendant moves to dismiss what plaintiff's Complaint identifies as Counts II, III, and IV, pursuant to Rule 12(b)(6) for failure to state a claim. (ECF No. 15-1 at 8). Specifically, defendant contends that these counts provide only conclusory assertions based on inapplicable constitutional provisions. (Id. at 8-9). Plaintiff does not substantively respond to defendant's argument. Counts II, III, and IV of plaintiff's Complaint set forth claims under several portions of the United States Constitution, including: Article I, Section 8 and 9 (Count II); Article III, Section 3 (Count III); and Article IV, Section 4 (Count IV). (ECF No. 1 at 6). For the reasons identified by defendant,

including that the Constitutional provisions relied on by plaintiff are inapplicable and unrelated to plaintiff's factual allegations, the court grants defendant's Motion to Dismiss.

To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, a short and plain statement of the claim that shows plaintiff is entitled to relief and a request for relief. See Fed. R. Civ. Proc. 8(a). Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (internal citation omitted). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 561. Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The court has thoroughly examined the Complaint and finds that it is insufficient and does not comply with federal pleading requirements. Plaintiff's Complaint fails to state a claim upon which relief can be granted, fails to clearly articulate how plaintiff was injured by the alleged wrongdoing, and fails to clearly state how the actions or inactions of each of the named defendants contributed to his injury. Instead of a concise statement of facts as to the underlying cause of action, the Complaint contains almost no facts regarding plaintiff's injury, accompanied by inapplicable references to the United States Constitution. Plaintiff's Complaint does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Further, the defects in plaintiff's Complaint are not curable through amendment, such that plaintiff's Complaint is dismissed with prejudice and without leave to amend. See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("When a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.") (citing Fed. R. Civ. P. 15).

      Here, plaintiff fails to identify a cognizable cause of action or allege facts in support of any such cause of action in his Complaint. "[T]his court can[not] ignore a clear failure in the pleading to allege facts which set forth a cognizable claim." House v. PMC Prop. Grp., No. CCB-21-949, 2021 WL 4354608, at *1-*2 (D. Md. Aug. 20, 2021) (dismissing plaintiff's complaint for failure to identify a federal cause of action under which she may pursue relief). Moreover, there is no articulation of facts upon which plaintiff could appropriately premise claims under the constitutional provisions included in his Complaint. See Johnson v. FBI, No. WDQ-7-651, 2007 WL 4246578, at *1 (D. Md. March 23, 2007) ("Absent a minimally sufficient factual predicate, [a] complaint cannot proceed."). For example, the portion of Article I, Section 8 identified in plaintiff's Complaint enumerates the power of Congress "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const., Art. I, § 8. This provision is entirely irrelevant to the allegations of plaintiff's Complaint and could, under no articulation of facts in this case, serve as a basis upon which plaintiff is entitled to relief. The other constitutional provisions referenced in the Complaint relate to: the powers denied to Congress (Article I, Section 9); the rules governing treason (Article III, Section 3); and the guarantee to protect the States from "domestic Violence" (Article IV, Section 4). None of the above provisions relate even remotely to the facts of plaintiff's Complaint, and any amendment thereof would be futile. Accordingly,

the court grants defendant's Motion to Dismiss (ECF No. 15) Counts II, III, and IV of plaintiff's Complaint.

## IV.     **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Default Judgment (ECF No. 17) is denied, defendant's Motion to Strike (ECF No. 27) is denied, and defendant's Motion to Dismiss (ECF No. 15) is granted with prejudice and without leave to amend.  A separate order will follow.

Date: June 22, 2023

/s/_____
Beth P. Gesner
Chief United States Magistrate Judge